# In the United States Court of Federal Claims

No. 24-919C

(Filed: August 1, 2024)

**NOT FOR PUBLICATION**

| | |
|---|---|
| **CHANTEL JOHNSON,** | ) |
| | ) |
| | ) |
| | ) |
| *Plaintiff,* | ) |
| **v.** | ) |
| | ) |
| **THE UNITED STATES,** | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

*Chantel Johnson,* Baltimore, MD, *pro se.*

## OPINION AND ORDER

***SOLOMSON*, Judge**.

On June 12, 2024, *pro se* Plaintiff, Chantel Johnson, a resident of Baltimore, Maryland, filed a complaint against Defendant, the United States, in this Court. ECF No. 1 ("Compl."). That same day, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP"). ECF No. 2. On June 17, 2024, the Court granted Plaintiff's IFP motion and stayed the case while it reviewed the complaint for probable lack of jurisdiction. ECF No. 5. *See* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC").[1]

In her 15-page-long complaint, Ms. Johnson alleges a variety of "hardships" she claims were intentionally inflicted against her by individuals in the federal government and beyond. Compl. at 5. Plaintiff believes that individuals at the Department of Health and Human Services ("HHS") and Department of Housing and Urban Development ("HUD") "saw an opportunity to use [her] and [her] children as human guinea pigs." *Id.* at 13. Separately, she alleges that: (1) a police officer intentionally wrote an incorrect police report about her; (2) neighbors and state housing officials stalked and harassed her; (3) a nurse refused to let her speak to a doctor; (4) she was denied a Chase bank

---

[1] This may be done "at any time by the parties or by the court *sua sponte.*" *Folden v. United States,* 379 F.3d 1344, 1354 (Fed. Cir. 2004). A court "may and should raise the question of its jurisdiction *sua sponte*" where jurisdiction is in doubt. *Miller v. United States,* 67 Fed. Cl. 195, 198 (2005).

checking account; and (5) was over-charged by the federal government for her utility bill while in public housing. *Id.* 4-15.

Plaintiff seeks: (1) an order to "[the] SBA, HUD, HHS, Copyright Office [and] ASCAP,[2] to disclose, in writing, transactions and activity regarding my personal and business accounts"; (2) "monetary damages for [the] unauthorized use of [her] songs and [to] cease activity related to the use of [her] songs"; (3) "monetary damages for abuse, loss of wages, loss [of] resources, loss of housing, and discrimination by DOJ, HUD, and [HHS] … based on inaccurate [medical] records; and (4) an order to the Department of Education to "provide copies of original applications for the five student loans, in the amount of $50,000, that they claim [she] owe[s]." Compl. at 3.

Plaintiff is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleading to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, "may not . . . take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y of Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In other words, even a *pro se* plaintiff "bears the burden of proving that the Court of Federal Claims possesse[s] jurisdiction over his complaint." *Sanders v. United States*, 252 F.3d 1329, 1333 (Fed. Cir. 2001); *see also Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015) ("No plaintiff, pro se or otherwise, may be excused from the burden of meeting the court's jurisdictional requirements."). In the absence of subject-matter jurisdiction, the Court "must dismiss the action." RCFC 12(h)(3); *see also Kissi v. United States*, 493 F. App'x 57, 58 (2012) ("If the Court of Federal Claims determines that it lacks subject matter jurisdiction, it must dismiss the claim." (citing RCFC 12(h)(3))).

Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009) (citing 28 U.S.C. § 1491(a)(1)). The Tucker Act provides this Court with jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Rather, "a plaintiff must [also] identify a separate

---

[2] ASCAP stands for the American Society of Composers, Authors and Publishers and is considered a "performing rights organization (PRO) … [which] provide licenses to users such as bar owners, television and radio stations, and internet music distributors that allow them to publicly perform the musical works of the PROs' thousands of songwriter and music publisher members." U.S. Dep't of Just., Statement of the Department of Justice on the Closing of the Antitrust Division's Review of the ASCAP and BMI Consent Decrees (2016).

source of substantive law that creates the right to money damages." *Id.* (first citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); and then citing *United States v. Testan*, 424 U.S. 392, 398 (1976)).  Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *Mitchell*, 463 U.S. at 216. With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1009, 178 Ct. Cl. 599 (Ct. Cl. 1967).

For the reasons set forth below, the Court dismisses in part, *sua sponte*, Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3).  *See Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*" (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))).

*First*, pursuant to the Tucker Act, 28 U.S.C. § 1491(a), this Court's jurisdiction is limited to claims against the United States. *See Double Lion Uchet Express Tr. v. United States*, 149 Fed. Cl. 415, 420 (2020) ("[I]n the Court of Federal Claims, 'the only proper defendant . . . is the United States, not its officers, nor any other individual.'" (quoting *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003))).  While Ms. Johnson does name federal agencies throughout her complaint, she levels only one specific complaint against any of them, as described *infra*.  Though Ms. Johnson claims that "individuals who work for . . . HUD" caused her "hardships," Compl. at 5, she does not describe what HUD did wrong.  She similarly lists the "Department of Education, US Post office, [and] US Copyright Office" at the beginning of her complaint, Compl. at 4, but does not describe what each did to give rise to her injury (*i.e.*, irrespective of whether she states any claim within this Court's jurisdiction).

This Court has no jurisdiction to hear any of Ms. Johnson's claims against private parties, individuals (whether in their official or personal capacity), and state or local governments.  *See Moore v. Pub. Defs. Off.*, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations.").  As such, this Court cannot hear any claims against a security guard, a nurse, a music producer, a therapist, or any other individuals or professional associations.

*Second*, this Court does not have jurisdiction to award damages "grounded in tort rather than contract."  *See Fernandez de Iglesias v. United States*, 96 Fed. Cl. 352, 363 (2010) (quoting *Pratt v. United States*, 50 Fed. Cl. 469, 482 (2001)); *see also* 28 U.S.C. § 1491(a). Accordingly, the Court must dismiss Plaintiff's numerous tort claims, which concern stalking and harassment, for lack of jurisdiction.  RCFC 12(h)(3).

Accordingly, the Court must dismiss all of Plaintiff's claims, except one.  In particular, Ms. Johnson's complaint *does* contain one set of factual allegations that could amount to an "action[] to recover illegal exactions of money by the United States," over which this Court would have jurisdiction. *Roth*, 378 F.3d at 1384. "An illegal exaction occurs when money is improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation." *Christy, Inc. v. United States*, 971 F.3d 1332, 1336 (Fed. Cir. 2020) (internal quotation marks omitted).  "[A]n illegal exaction [is] a situation in which the Government has the citizen's money in its pocket[,]" and in such a case, "in contrast to other actions for money damages, jurisdiction exists under the Tucker Act even when the Constitutional provision allegedly violated does not contain compensation mandating language." *Perry v. United States*, 149 Fed. Cl. 1, 25 (2020), *aff'd*, No. 2020-2084, 2021 WL 2935075 (Fed. Cir. July 13, 2021) (internal citations and quotations omitted).  Such a claim "must show that: (1) money was taken by the government and (2) the exaction violated a provision of the Constitution, a statute, or a regulation." *Id.* at 34 (quoting *Piszel v. United States*, 121 Fed. Cl. 793, 801 (2015)).

Ms. Johnson alleges that HHS engaged in conduct that, viewed in the light most favorable to Ms. Johnson, amounted to an illegal exaction:

> I recently received a letter from them claiming that I applied for energy assistance on 1/2/2024 . . . I did not apply for energy assistance, not only that, but the amount of the bill is also false. My daughter and I are not using the amount of utilities that they are charging. The bill most likely belongs to the person who moved net door several months ago. There is a pattern of [HHS] charging me for someone else's bill, like at the second section 8 housing unit where they charged me double the water bill that belong to the neighbor.

Compl. at 15.  If HHS (or some other federal government agency) somehow engaged in improper charging or billing, and Ms. Johnson paid such charges, she may plausibly allege an illegal exaction.

Accordingly, the Court hereby **DISMISSES IN PART** Plaintiff's complaint. All claims except the potential illegal exaction claim are dismissed for lack of subject matter jurisdiction pursuant to RCFC 12(h)(3).

Plaintiff may file an amended complaint on or before September 30, 2024, addressing *only* the illegal exaction claim -- that is, the claim that the federal government unlawfully or improperly billed Ms. Johnson and that the government thus owes her a refund.  In filing that amended complaint, Ms. Johnson shall include copies of any utility bills or other evidence ***directly related*** to this claim.  If Plaintiff fails to file an amended

complaint by that date, or fails to attach the bills in question, her complaint will be dismissed either for failure to prosecute pursuant to RCFC 41 or for lack of jurisdiction pursuant to RCFC 12(h)(3).

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge
